1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12 | WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL

13 | SERVICES,

14 |         Plaintiff,

15 |     vs.

16 | CREDIT ACCEPTANCE CORPORATION,

17

18 |         Defendant.

Case No. 2:15-cv-07490 SJO (MRWx)

**STIPULATED PROTECTIVE ORDER**

Honorable S. James Otero

Hon. Michael R. Wilner

Complaint Filed:  September 24, 2015

19
20
21
22
23
24
25
26
27
28

# PROTECTIVE ORDER

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 24 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## **GOOD CAUSE STATEMENT**

In this antitrust Action between competitors, Plaintiff Westlake Financial Services alleges that Defendant Credit Acceptance Corporation asserted an allegedly fraudulently obtained patent to exclude Westlake from competing in a purported, relevant product market defined as the business of providing indirect financing for used car sales to dealers through a profit sharing program. Credit Acceptance contends that its success in the highly competitive marketplace results from its provision of innovative services to auto dealers and management acumen, not from any alleged anticompetitive behavior. This Action is therefore likely to involve trade secrets and other valuable commercial or proprietary information for which special protection from public disclosure and from disclosure to a competitor is warranted. Special protection against the use of that information for any purpose other than prosecution of this Action is also warranted.

This Action will likely involve nonpublic information about the companies' respective profit sharing programs and prior versions thereof; Westlake's financial statements; the companies' respective business practices; the personal finances and information of used car buyers, such as social security numbers, telephone numbers, home addresses, and credit scores; and the financial or other arrangements Westlake or Credit Acceptance has or had with auto dealers.  Disclosure of such information to the public, particularly to auto dealers, could disadvantage Westlake and Credit Acceptance in business negotiations or in raising capital and could otherwise negatively affect the profitability of the companies.  It could also harm used car buyers by facilitating theft of their identity and causing them reputational harm.  To avoid these potential harms, certain material should be shielded from public disclosure through "CONFIDENTIAL" treatment.

This Action will also likely involve competitively sensitive information— such as Westlake's, Credit Acceptance's, and other market participants' customer lists, pricing and sales data, business plans, internal research and development, and market forecasts—that should not be shared between or among competitors.  The disclosure of such information to a competitor could provide that competitor with an unfair competitive advantage and negatively affect consumers by reducing competition in the marketplace generally.[1]  To avoid these potential harms, certain material should be should be shielded from public disclosure and generally from

---

[1] *See generally* Fed. Trade Comm'n & U.S. Dep't of Justice, Antitrust Guidelines for Collaborations Among Competitors § 3.31(d) (2000) ("[T]he sharing of information related to a market . . . in which the [parties sharing information] are actual or potential competitors may increase the likelihood of collusion on matters such as price, output, or other competitively sensitive variables. The competitive concern depends on the nature of the information shared.  [T]he sharing of information relating to price, output, costs, or strategic planning is more likely to raise competitive concern than the sharing of information relating to less competitively sensitive variables. . . . [T]he sharing of individual company data is more likely to raise concern than the sharing of aggregated data that does not permit recipients to identify individual firm data.").

Westlake's or Credit Acceptance's employees through "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" treatment.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential or highly confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, nonpublic manner, and there is a good cause why it should not be part of the public record of this case.[2]

### **INFORMATION SUBJECT TO THIS ORDER**

1.      Each party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the producing party or a third party to whom the producing party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2.      In determining the scope of the information which a party may designate as its Protected Material, each party acknowledges the importance of

---

[2] The protective order is derived from Judge Wilner's form protective order (available at cacd.uscourts.gov) and the protective order Judge Wilner entered in the patent infringement lawsuit between the parties, *Credit Acceptance Corporation v. Westlake Services, LLC*, No. 13-cv-01523-SJO-MRWx (C.D. Cal.) [ECF No. 56], a lawsuit underlying part of Plaintiff Westlake's allegations in this case.

1  client access to information necessary to client decision-making in the prosecution

2  or defense of this litigation, and therefore agrees that designations of information as

3  Protected Material and responses to requests to permit further disclosure of

4  Protected Material shall be made in good faith and not (a) to impose burden or delay

5  on an opposing party or (b) for tactical or other advantage in litigation.

6       3.     With respect to documents, information or material designated with any

7  confidentiality designation ("Designated Material") under this Order, subject to the

8  provisions herein and unless otherwise stated, this Order governs, without

9  limitation: (a) all documents, electronically stored information, and things,

10  regardless of the medium or manner in which it is generated, stored, or maintained,

11  as defined by the Federal Rules of Civil Procedure; (b) deposition testimony; (c)

12  affidavits; and (d) stipulations.  All copies, reproductions, extracts, digests and

13  complete or partial summaries prepared from any Designated Material shall also be

14  considered **DESIGNATED MATERIAL** and treated as such under this Order.

15

16                   **TIMING OF DESIGNATIONS**

17       4.     A designation of Protected Material (i.e., "**CONFIDENTIAL**,"

18  "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," or "**HIGHLY**

19  **CONFIDENTIAL – SOURCE/OBJECT CODE**") must be clearly so designated

20  before the Protected Material is disclosed or produced. However, inadvertent or

21  unintentional production of documents, information or material that has not been

22  designated shall not be deemed a waiver in whole or in part of a claim for

23  confidential treatment. Any party that inadvertently or unintentionally produces

24  Protected Material without designating it may request destruction of that Protected

25  Material by notifying the recipient(s), as soon as reasonably possible after the

26  producing Party becomes aware of the inadvertent or unintentional disclosure, and

27  providing replacement Protected Material that is properly designated. The

28  recipient(s) shall then destroy all copies of the inadvertently or unintentionally

produced Protected Materials and any documents, information or material derived from or based thereon.

## **CONFIDENTIAL INFORMATION**

5. **"CONFIDENTIAL INFORMATION"** shall mean all documents, information or material that is produced for or disclosed to a receiving party that the producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, believes is not publically known, and which the producing party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, whether embodied in physical objects, documents, or the factual knowledge of persons; and that has been so designated by the producing party.

6. The following information is not **CONFIDENTIAL INFORMATION**:

(a) any information which at the time of disclosure to a receiving party is in the public domain;

(b) any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this order;

(c) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Protected Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential;

(d) information that the receiving party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality;

(e) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Protected Material, or (f) information that was submitted to a governmental entity without request for confidential treatment.

7. **CONFIDENTIAL INFORMATION** may be disclosed only to the following persons where such persons require such information and will use such information only for purposes of preparation and litigation of this matter:

(a)     the parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to attorneys, paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)     outside persons (who are not employees of a party) such as a proposed expert witness, outside consultant, or investigator, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation of trial thereof, provided that such persons first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A;

(c)     graphics, translation, design, jury and/or trial consulting services, including mock jurors, retained by a party or counsel, provided, if such persons are not employees of counsel, they first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A;

(d)     data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record or a party to set up, maintain, and/or operate computer systems, litigation databases or to convert data for inclusions in such databases;

(e)     the Court, its technical adviser (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers in this action or any appeal therefrom;

(f)     at a deposition, (i) any person who authored or previously received the Protected Material; (ii) subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party; and (iii) witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that such witnesses and attorneys first sign a copy of the Confidentiality Agreement, appended hereto as Exhibit A; and

(g)     subject to the requirements of paragraphs 11-13, no more than two in-house counsel who act in a legal capacity for the receiving party in preparation and trial of this action and one employee of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including, for example, attorneys, paralegals, law clerks, and stenographic and clerical employees, provided such persons first sign copy of the Confidentiality Agreement, appended hereto as Exhibit A.

## HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY

8.     **CONFIDENTIAL INFORMATION** may be additionally designated **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.** The **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY** designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that could cause significant competitive harm if disclosed to an unauthorized person. Such information includes, without limitation, trade secrets or other confidential research, development, technical, financial, or

commercial information, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements and other highly confidential technical, research and development, and financial information, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), information relating to current and future products not yet commercially released, strategic plans, technical documents that refer to or relate to trade secrets, settlement agreements or settlement communications, sales data, customer lists, cost-of-goods sold, pricing, and market research, the disclosure of which is likely to cause harm to the competitive position of the producing party. This designation shall be made in good faith.

9.    **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY INFORMATION** may be disclosed only to the parties designated in paragraphs 7(a)-(f).

### HIGHLY CONFIDENTIAL – SOURCE OR OBJECT CODE

10.    Should the production of computer source or object code become necessary, through discovery between the parties or by Order of the Court in the event the parties disagree on source or object code production, the parties agree to cooperate to supplement this protective order with a HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL – OBJECT CODE tier of protection.

### PROCEDURES FOR DISCLOSURE TO IN-HOUSE COUNSEL

11.    Each party may designate up to two persons described in paragraph 7(g) ("In-House Counsel") to receive **CONFIDENTIAL INFORMATION**, subject to each such person signing a copy of the Confidentiality Agreement appended hereto as Exhibit A prior to receiving any **CONFIDENTIAL INFORMATION**.

12. Each party will notify the other party of its designated In-House Counsel in writing within 20 days of entry of this Order. The notice shall include any signed Confidentiality Agreement(s), and the following information about the designated In-House Counsel:

(a) name;

(b) title; and

(c) description of legal and non-legal duties.

13. If a party needs to replace either of its two designated In-House Counsel, it shall notify the other side in writing within 10 days of the newly designated In-House Counsel signing a copy of the Confidentiality Agreement in Exhibit A. For the avoidance of doubt, no In-House Counsel may receive **CONFIDENTIAL INFORMATION** prior to signing the Confidentiality Agreement in Exhibit A. Furthermore, the number of In-House Counsel designated to receive **CONFIDENTIAL INFORMATION** can at no time exceed two for each party.

## **INADVERTENT DISCLOSURE**

14. Inadvertent or unintentional production of documents or information containing **DESIGNATED MATERIAL** that are not designated as such shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If a producing party inadvertently discloses or produces any information that it deems to be **DESIGNATED MATERIAL** without so designating the information, the producing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing. The receiving party shall thereafter treat the **DESIGNATED MATERIAL** as if it has always been so designated under this Protective Order. To the extent that such information may already have been disclosed to persons not authorized to see the **DESIGNATED MATERIAL,** the receiving party shall make every reasonable effort to retrieve the information

1 promptly from such persons and to limit any further disclosure to unauthorized

2 persons, and obtain a signed copy of the Confidentiality Agreement, appended

3 hereto as Exhibit A, from those persons.

4    15. In the event of a disclosure of any **DESIGNATED MATERIAL** to a

5 person or persons not authorized to receive such information under this Protective

6 Order, the party responsible for having made such disclosure, and each party with

7 knowledge thereof, shall immediately notify the producing party and provide all

8 known relevant information concerning the nature and circumstances of the

9 disclosure. The party responsible for having made such disclosure shall also

10 promptly take all reasonable measures to retrieve the improperly disclosed

11 information and to ensure that no further or greater unauthorized disclosure and/or

12 use thereof is made.

13

14       <u>**DESIGNATION OF PROTECTED MATERIAL**</u>

15    16. Any document or tangible thing containing or including any material

16 meeting the criteria in Paragraph 5 for **CONFIDENTIAL INFORMATION** may

17 be designated as such by the producing party by marking it **"CONFIDENTIAL**

18 **INFORMATION"** or **"CONFIDENTIAL"** prior to or at the time copies are

19 furnished to the receiving party. Information meeting the criteria in Paragraph 8 for

20 **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY** may be designated

21 as such by the producing party by marking it "**HIGHLY CONFIDENTIAL -**

22 **OUTSIDE COUNSEL ONLY**."  Information meeting the criteria in Paragraph 10

23 for **HIGHLY CONFIDENTIAL – SOURCE/OBJECT CODE** may be designated

24 as such by the producing party by marking it **"HIGHLY CONFIDENTIAL –**

25 **SOURCE/OBJECT CODE**."

26    17. At the request of any party, the original and all copies of any deposition

27 transcript, in whole or in part, may be marked **CONFIDENTIAL**

28 **INFORMATION**, **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY**,

and/or **HIGHLY CONFIDENTIAL – SOURCE/OBJECT CODE** in the following manner:

      (a)    At any time during the deposition and at the request of any party, the deposition transcript or a portion thereof shall be marked by the reporter with **CONFIDENTIAL INFORMATION**, **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY**, and/or **HIGHLY CONFIDENTIAL – SOURCE/OBJECT CODE**. Any portions so designated shall thereafter be separated and treated in accordance with the terms of this Order.

      (b)    Any party may designate a deposition transcript or a portion thereof with **CONFIDENTIAL INFORMATION**, **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY**, and/or **HIGHLY CONFIDENTIAL – SOURCE/OBJECT CODE** as appropriate within 15 days after first receiving a formal copy of the same transcript from the deposition service by informing all other parties in writing.

      (c)    All parties shall treat an entire deposition transcript as designated **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY** until 15 days after first receiving a formal copy of the same transcript from the deposition service.

18.    All **DESIGNATED MATERIAL** not reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraph 20 or 21, shall be designated by the producing party by informing the receiving party of the designation in writing.

## NO WAIVER OF PRIVILEGE

19.    The inadvertent production in discovery of any attorney-client privileged or otherwise protected or exempted information, including materials subject to protection under the work product doctrine, the common interest doctrine

or agreements, or other applicable immunities, shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the producing party shall immediately notify the receiving party in writing when inadvertent production is discovered. Within 10 business days of receiving written notice from the producing party that privileged or protected information has been inadvertently produced, along with a log accurately describing such material, all such information, and all copies thereof, shall be returned to the producing party by the receiving party. The receiving party may only challenge the designation of the inadvertently produced information by moving for a court order compelling production of the material. Such a motion to compel shall rely solely on the description of the inadvertently-produced information that is provided on the producing party's log, provided that the description therein is accurate; the receiving party may not cite or otherwise rely on the content of the inadvertently-produced information, except that if the description in the log is inaccurate or misleading and the producing party refuses to correct it after consultation, one copy of the material may be filed under seal with the motion to compel, with all other copies returned to the producing party and none retained by the receiving party. Any motion brought pursuant to this paragraph will be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

## CHALLENGES TO CONFIDENTIAL INFORMATION DESIGNATIONS

20.     The parties will use reasonable care when designating documents or information as **DESIGNATED MATERIAL**. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as **DESIGNATED MATERIAL** have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the **DESIGNATED MATERIAL** designation with respect to any document or information contained therein.

21.    A party shall not be obligated to challenge the propriety of a **DESIGNATED MATERIAL** designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, must recite that the challenge to a **DESIGNATED MATERIAL** designation is being made in accordance with this specific paragraph, shall particularly identify the documents or information that the receiving party contends should be differently designated, and shall describe with particularity the basis for the challenge. The parties shall use their best efforts to resolve such disputes promptly and informally, and must begin the meet-and-confer process (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the **DESIGNATED MATERIAL**, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If agreement cannot be reached, the challenging party may request that the Court cancel or modify a **DESIGNATED MATERIAL** designation. Any motion brought by a challenging party pursuant to this paragraph will be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement) ), and may be brought only if the challenging party has engaged in the meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely matter.

### LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

22.    **DESIGNATED MATERIAL** shall be held in confidence by each person to whom it is disclosed, shall be used only for the purpose of conducting this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All

1  produced **DESIGNATED MATERIAL** shall be carefully maintained so as to

2  preclude access by persons who are not entitled to receive such information.

3  However, nothing in this Order shall prevent any court reporter or videographer

4  from reviewing any evidence in this case for the purpose of these proceedings.

5      23.    Except as may be otherwise ordered by the Court, any person may be

6  examined as a witness at depositions and may testify concerning all **DESIGNATED**

7  **MATERIAL** of which such person has prior knowledge.

8      24.    In accordance with Local Rule 79-5.1, if any papers to be filed with the

9  Court contain information and/or documents that have been designated as

10  "**CONFIDENTIAL INFORMATION**," "**HIGHLY CONFIDENTIAL –**

11  **OUTSIDE COUNSEL ONLY**," "**HIGHLY CONFIDENTIAL – SOURCE**

12  **CODE, or "HIGHLY CONFIDENTIAL – OBJECT CODE**" the proposed filing

13  shall be accompanied by an application to file the papers or the portion thereof

14  containing the designated information or documents (if such portion is segregable)

15  under seal; and the application shall be directed to the judge to whom the papers are

16  directed. For motions, the parties shall publicly file a redacted version of the motion

17  and supporting papers.

18      25.    **CONFIDENTIAL INFORMATION** or **HIGHLY**

19  **CONFIDENTIAL - OUTSIDE COUNSEL ONLY** shall not be copied or

20  otherwise reproduced by a receiving party, except for transmission to qualified

21  recipients, without the written permission of the producing party, or, in the

22  alternative, by further order of the Court. Nothing herein shall, however, restrict a

23  qualified recipient from making working copies, abstracts, digests and/or analyses of

24  **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL -**

25  **OUTSIDE COUNSEL ONLY** for use in connection with this litigation and such

26  working copies, abstracts, digests and/or analyses shall be deemed

27  **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL -**

28  **OUTSIDE COUNSEL ONLY** under the terms of this Order.

26.     Nothing herein shall restrict qualified recipients from converting or translating **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY** into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY,** in whatever form stored or reproduced, shall be limited to qualified recipients.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

27.     As used herein, the terms "party" and "parties" mean, respectively, a party in this litigation and multiple parties to this litigation.

28.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

29.     A non-party's use of this Protective Order to protect its **DESIGNATED MATERIAL** does not entitle that non-party access to **DESIGNATED MATERIAL** produced by any party in this litigation.

## MISCELLANEOUS PROVISIONS

30.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing and signed by an attorney of record for the party against whom such waiver will be effective.

31.     Within 60 days after the entry of a final non-appealable judgment or order resolving claims against any party ("Terminated Party"), or the complete settlement of all claims asserted against any Terminated Party, each receiving party must return all Designated Material to the producing party or destroy such material. As used in this subdivision, "all Designated Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Designated Material. Whether the Designated Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Designated Material. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order.

32.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of **DESIGNATED MATERIAL** for enforcement of the provisions of this Order following termination of this litigation.

33.    This Order shall be binding upon the parties and their attorneys, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

34.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The Court shall take appropriate measures to protect **DESIGNATED MATERIAL** at trial and any hearing in this case.

35.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, the Protective Order will be treated as though it had been "So Ordered."

36.     The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning **DESIGNATED MATERIAL** produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division.

37.     Nothing in this Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

38.     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

39.     <u>Duration and Scope</u>.  This Protective Order is intended to regulate the disclosure and handling of all Protected Material during the pendency of this action. This Order does not govern the use of Protected Material at trial.  Rather, the use of Protected Material at trial shall be governed by the orders of the trial judge.  If a party intends to introduce at trial exhibits containing Protected Material, the parties will meet and confer to determine whether the exhibits should be sealed.  If the parties cannot reach agreement that a particular exhibit does not need to be sealed, the exhibit will be presumptively available to all members of the public, including the press, unless the designating party files a motion to seal and obtains an order sealing the exhibit.  The motion shall be made in advance of trial and set forth compelling reasons supported by specific facts. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons"

standard when merits-related documents are part of court record).  This Order shall otherwise remain in full force and effect and survive the termination of this action, unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED:  _September 26_, 2016

                                   ___ /S/ MICHAEL R. WILNER_____
                                   HON. MICHAEL R. WILNER
                                   United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES,<br><br>          Plaintiff,<br><br>    vs.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>          Defendant. | Case No. 2:15-cv-07490 SJO (MRWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable S. James Otero<br><br>Hon. Michael R. Wilner<br><br>Complaint Filed:  September 24, 2015 |

**CONFIDENTIALITY AGREEMENT**

I hereby affirm that:

"Designated Material," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Designated Material disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also

agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all Designated Material in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Designated Material are to be returned to counsel who provided me with such documents and materials.

Executed on _____

_____
[printed name]

_____
[signature]

2