JASON D. RUSSELL (CA SBN 169219)
DOUGLAS A. SMITH (CA SBN 290598)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
Email:  jason.russell@skadden.com
        douglas.smith@skadden.com

JONATHAN L. FRANK *admitted *pro hac vice*
JAMES A. KEYTE *admitted *pro hac vice*
PATRICK G. RIDEOUT *admitted *pro hac vice*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
Email:  jonathan.frank@skadden.com
        james.keyte@skadden.com
        patrick.rideout@skadden.com

Attorneys for Defendant
CREDIT ACCEPTANCE CORPORATION

*Additional counsel listed on following page.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No.: 2:15-cv-07490 SJO (MRWx)<br><br>**STIPULATION AND JOINT MOTION RE: EXTENSION OF TIME FOR DISCOVERY AND TESTIMONY FROM THIRD-PARTY DAVID BALL IN LIGHT OF FIFTH AMENDMENT ASSERTIONS AND ONGOING BOE INVESTIGATION**<br><br>Hon. S. James Otero<br>Assigned to:  Mag. Judge Michael R. Wilner<br><br>Discovery Cutoff:  June 16, 2017<br>MSJ Filing Deadline:  July 28, 2017<br>Pretrial Conference:  Nov. 20, 2017<br>Trial:  Dec. 4, 2017 |

STIPULATION AND JOINT MOTION RE: EXTENSION OF TIME FOR DISCOVERY AND TESTIMONY

Ekwan E. Rhow (CA SBN 174604)
Timothy B. Yoo (CA SBN 254332)
Julian C. Burns (CA SBN 298617)
Ray S. Seilie (CA SBN 277747)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG
& RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email:     erhow@birdmarella.com
           tyoo@birdmarella.com
           jburns@birdmarella.com
           rseilie@birdmarella.com

Attorneys for Plaintiff
WESTLAKE SERVICES, LLC d/b/a
WESTLAKE FINANCIAL SERVICES

**WHEREAS**, in ruling on Defendant Credit Acceptance's motion to exclude third-party David Ball as a fact witness, this Court ordered that "Credit Acceptance may request documents from David Ball and Ball Automotive, and depose David Ball," and set a June 16, 2017, deadline—at the Parties' request—for completing that discovery (Order Granting Joint Stipulation at 2 [ECF No. 182]; Order Re: Motion to Preclude Ball at 2 [ECF No. 176].);

**WHEREAS**, after entry of that order, Mr. Ball's and Ball Automotive's attorney, Ken Barish of Barish Tax Law, informed Credit Acceptance that the State of California's Board of Equalization ("BOE") is conducting an investigation into Ball Automotive;

**WHEREAS**, in light of the pending BOE investigation, Mr. Barish has informed the Parties that Mr. Ball anticipates that he will invoke his Fifth Amendment right against self-incrimination to certain questions during a deposition in this case;

**WHEREAS**, Mr. Barish has informed the Parties that the BOE seized in January 2017 Mr. Ball's and Ball Automotive's documents in connection with the investigation and maintains possession of those documents indefinitely with minor exceptions;

**WHEREAS**, depending on the outcome of the investigation and after Credit Acceptance deposes Mr. Ball, a possibility exists that he may elect to provide written or oral testimony without invoking his Fifth Amendment right against self-incrimination and the BOE may have returned the remainder of his seized documents;

**WHEREAS**, notwithstanding the BOE investigation and anticipated invocations of the Fifth, Westlake does not want to prejudice its ability to use Mr. Ball as a third-party fact witness in this matter;

**WHEREAS**, the Parties desire to avoid unfair prejudice to Credit Acceptance should Mr. Ball invoke the Fifth Amendment as to certain subjects during his deposition and then later elects to freely provide testimony on those subjects whether at summary judgment or trial;

**WHEREAS**, Mr. Ball's intention to invoke his Fifth Amendment right against self-incrimination has complicated and delayed scheduling Mr. Ball's deposition and

obtaining documents from him;

**WHEREAS**, Mr. Ball's attorney had surgery on June 9 and anticipates that he will not be able to return to work for at least a week;

**WHEREAS**, in light of the foregoing, the Parties and Mr. Ball's attorney desire an additional two weeks to complete Mr. Ball's deposition and obtain the limited, responsive documents remaining in his and his company's possession;

**IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the undersigned parties, that:

1. Credit Acceptance may have until Friday, June 30, 2017 to depose Mr. Ball.
2. Neither Westlake nor its experts may rely on or use any testimony, including at summary judgment or trial, that Mr. Ball may later provide on subject matters on which Mr. Ball invoked his Fifth Amendment right against self-incrimination during his deposition.
3. At summary judgment or trial, Westlake may not rely on or use any documents from Mr. Ball or Ball Automotive other than those produced to Credit Acceptance before Mr. Ball's deposition.[1]  Notwithstanding anything to the contrary contained herein, Mr. Ball and Ball Automotive shall have a continuing obligation to produce to Credit Acceptance any documents responsive to the extant subpoenas to the extent Mr. Ball or Ball Automotive gains possession, custody or control of any such documents currently in the possession of the BOE.  Credit Acceptance reserves the right to use any such belatedly produced documents for any purpose. Credit Acceptance further reserves the right to challenge the use or admissibility of

---

[1] Per this Court's May 23, 2017, order, Westlake's experts may not rely on Mr. Ball's testimony or any documents produced by him in preparing their supplemental reports, which are to be served by June 23, 2017.  (Order Granting Joint Stip. ¶ 3 [ECF No. 182] ("Each expert is entitled to supplement his or her report by adding citations to the following: Westlake's experts may supplement their reports with citations to documents received from Mr. Roberts and documents and testimony from Messrs. McCluskey and Knoblauch, and Credit Acceptance's experts may supplement their reports with citations to documents received from Mr. Ball and Ball Automotive and testimony from Mr. Ball.").)

any testimony from Mr. Ball to the extent such testimony relates to documents that are responsive to the extant subpoenas, but which Mr. Ball or Ball Automotive were unable to produce.

DATED: June 15, 2017

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        By: */s/ Jason D. Russell*
        Jason D. Russell
        Attorneys for Defendant
        CREDIT ACCEPTANCE CORPORATION

DATED: June 15, 2017

        BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

        By: */s/ Timothy B. Yoo*
        Timothy B. Yoo
        Attorneys for Plaintiff
        WESTLAKE SERVICES, LLC d/b/a
        WESTLAKE FINANCIAL SERVICES

## **ATTESTATION**

I, Jason D. Russell, attest that the signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

        By: */s/ Jason D. Russell*
        Jason D. Russell