**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: **CV 15-07490 SJO (MRWx)**     DATE: **September 8, 2017**

TITLE:     **Westlake Services, LLC, et al. v. Credit Acceptance Corp.**

========================================================================
PRESENT: **THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                               Not Present

========================================================================
PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION
TO STRIKE AND VACATE HEARING DATES FOR DEFENDANT CREDIT ACCEPTANCE
CORPORATION'S PREMATURE AND EXCESSIVE MOTIONS IN LIMINE [Docket No. 214.]

This matter comes before the Court on Plaintiff Westlake Services, LLC d/b/a Westlake Financial
Services' ("Plaintiff") Ex Parte Application to Strike and Vacate Hearing Dates for Defendant Credit
Acceptance Corporation's Premature and Excessive Motions in Limine ("Application"), filed
September 7, 2017. For the following reasons, the Court **DENIES** Plaintiff's Application.

On July, 28, 2017, Plaintiff and Defendant filed cross motions for summary judgment ("MSJ") on
various elements of Plaintiff's claim for violation of Section 2 of the Sherman Act. (First MSJ, ECF
No. 187; Second MSJ, ECF No. 194.) Both motions were set for hearing on October 2, 2017.
(First MSJ; Second MSJ.) On August 28, 2017, Defendant also filed two motions to exclude the
expert opinions of two of Plaintiff's expert witnesses, also set for hearing on October 2, 2017.
(Mot. to Exclude Expert Opinions of Robert Stoll ("Stoll Motion"), ECF No. 208; Mot. to Exclude
Expert Opinions of Donald House, Sr. ("House Motion"), ECF No. 209.) Plaintiff filed the instant
Application on September 7, 2017, requesting that the Court strike the Stoll and House Motions,
vacate the October 2, 2017 hearing date, and instruct Defendant that it is permitted to file only one
further motion in limine. (Application, ECF No. 214.)

Plaintiff makes three primary arguments in support of the Application. First, Plaintiff argues that
Defendant's two 20-page Daubert motions fail to comply with the Court's Standing Order
governing Motions in Limine, which states that motions in limine are to be heard the first day of
trial and must not exceed ten pages. (Application 2; Standing Order 18-19, ECF No. 8.) Second,
Plaintiff argues that Defendant had already submitted three of the four motions in limine permitted
by the Court and cannot thereafter file an additional two. (Application 4.) Finally, Plaintiff argues
that *ex parte* relief is warranted because Plaintiff "must file two oppositions to [Defendant's]
prematurely-filed, overlong, and excessive *Daubert* motions by September 18, 2017" which would
waste Plaintiff's resources and reward Defendant for "its defiance of Court rules." (Application 6.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**  CV 15-07490 SJO (MRWx)          **DATE:** September 8, 2017

As to Plaintiff's first argument, Plaintiff is correct that a *Daubert* motion is a specialized form of motion in limine which would be subject to the Court's rules regarding these motions.  However, it is this Court's common practice to allow review of *Daubert* motions simultaneously with summary judgment motions when the availability of evidence produced by expert witnesses is fundamental to the existence of a genuine dispute of material fact.  Both Plaintiff and Defendant have identified the importance of expert testimony in proving various elements of an antitrust claim.  (*See* Pls.' Ex Parte Appl. for Extension of Time to File FAC 1, ECF No. 25; House Motion 1.)  Plaintiff is correct that Defendant should have requested leave from the Court to file these motions, which fail to comply with the Court's stated page limits and timelines. However, the Court finds that the admissibility of expert witness testimony is essential to the disposition of a summary judgment motion on a claim for antitrust.  Because the Court has discretion to grant leave to file as justice so requires, the Court will allow the Stoll and House Motions to remain in their current form.

Second, Plaintiff argues that Defendant submitted three previous motions to exclude evidence that should count against the Court's quantitative limit on motions in limine. (Application 4.) Defendant filed the first motion to exclude ("First MTE") on December 23, 2016, arguing that Plaintiff's failure to comply with an informal discovery schedule established by the parties precluded it from offering any expert testimony produced after the alleged deadline.  (First MTE, ECF No. 82.)  The Court denied this motion on January 3, 2017.  (Order Denying Defendant's MTE, ECF No. 90.) Defendant also filed a Motion for Sanctions on March 8, 2017, requesting the Court to sanction Plaintiff for refusing to produce documents from a set of backup tapes without a cost-sharing agreement, including by creating an adverse inference or excluding certain evidence.  (Motion for Sanctions, ECF No. 100.)  This motion was likewise denied on March 29, 2017.  (Order re: Discovery Motions, ECF No. 134.)  Finally, Defendant filed another motion to exclude ("Second MTE") on April 19, 2017, moving to exclude expert testimony based on untimely disclosure of two expert witnesses.  (Second MTE, ECF No. 143; Joint Stipulation to Second MTE, ECF No. 144.) The motion was granted as to one of the witnesses, Brian Hopper, over Plaintiff's similar objection that the MTE was tantamount to a "premature motion in limine."  (Joint Stipulation to Second MTE 4; *see also* Report and Recommendation, ECF No. 178.)

While the request for relief in these three motions may be similar to a motion in limine, it is clear that the subject matter of these motions falls exclusively within the realm of discovery disputes and is thus governed by the Court's rules on Discovery Motions in paragraph 19(d) of the Standing Order and Local Rules 37–1 through 37–4.  This finding is bolstered by the fact that the majority of these motions were ruled on by Magistrate Judge Wilner in the context of discovery proceedings and for the most part complied with the applicable rules relating to discovery.  These motions do not therefore count towards the Court's limit of four motions in limine per party, though, of course, both the Stoll and House Motions at issue in the current Application do count towards this limit.

Finally, the Court addresses Plaintiff's argument that requiring it to respond to Defendant's motions by a September 18, 2017 deadline would be an unfair waste of Plaintiff's resources.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 15-07490 SJO (MRWx)</u>          **DATE:** <u>September 8, 2017</u>

First, the Court notes that the actual deadline according to regular motion practice would be September 11, 2017, as any opposition to a motion is due twenty-one (21) days before the date designated for the hearing of the motion, in this case, October 2, 2017. *See* L.R. 7-9. The Stoll and House Motions were filed on August 28, 2017, exceeding by seven (7) days the minimum required deadline of filing a motion twenty-eight (28) days before the date designated for the hearing of the motion. This timeline is the standard for 20-page motions according to the Court's Standing Order. (Standing Order 11). While the Court recognizes that its rules do in fact limit motions in limine to ten pages, the Court also notes that Plaintiff would then have had only seven (7) days to respond, a deadline it has already missed. (*See* Standing Order 18.)

Given the potential importance of the Stoll and House Motions to the disposition of the Motions for Summary Judgment, however, the Court will extend the briefing schedule in order to ensure that these issues are adequately addressed.

For the foregoing reasons, the Court **DENIES** Plaintiff Westlake Services, LLC d/b/a Westlake Financial Services' Ex Parte Application to Strike and Vacate Hearing Dates for Defendant Credit Acceptance Corporation's Premature and Excessive Motions in Limine. The Court **CONTINUES** the Hearing on Defendant Credit Acceptance Corporation's Motion for Summary Judgment, Plaintiff's Motion for Partial Summary Judgment, Defendant's Motion to Exclude Expert Opinions of Robert Stoll, and Defendant's Motion to Exclude Expert Opinions of Donald House, Sr. to **October 16, 2017**. Plaintiff must file an Opposition of not more than twenty (20) pages to Defendant's Motions to Exclude by **September 25, 2017**. Defendant may file a Reply of not more than five (5) pages by **October 2, 2017**.

IT IS SO ORDERED.