Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Timothy B. Yoo - State Bar No. 254332
  tyoo@birdmarella.com
Ray S. Seilie - State Bar No. 277747
  rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff
WESTLAKE SERVICES, LLC d/b/a
WESTLAKE FINANCIAL SERVICES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES,<br><br>  Plaintiffs,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>  Defendant. | Case No. 2:15-cv-07490 SJO (MRWx)<br><br>**PLAINTIFF WESTLAKE SERVICES, LLC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ARGUMENT AND EVIDENCE REGARDING ANY SETTLEMENT AGREEMENT BETWEEN WESTLAKE AND A GOVERNMENT AGENCY OR ANY OTHER GOVERNMENTAL INVESTIGATION**<br><br>Date:  December 5, 2017<br>Time:  8:30 a.m.<br>Crtrm.: 10C<br><br>Honorable S. James Otero<br><br>Complaint Filed: September 24, 2015 |

3442637.1

WESTLAKE'S MOTION TO EXCLUDE EVIDENCE RE SETTLEMENT AGREEMENTS- MIL No. 2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 5, 2017, at 8:30 a.m., or as soon thereafter as counsel may be heard in the Courtroom of the Honorable S. James Otero, United States District Judge, Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Westlake Services, LLC will and hereby does move to exclude all argument, evidence, and testimony related to any settlement agreement between Westlake and a government agency pursuant to Federal Rules of Evidence 408 and 403.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the [Proposed] Order lodged herewith, the Court file, and any further evidence and argument as may be presented to the Court prior to or at the hearing on this Motion, or subsequent hereto as permitted by the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 24, 2017.

DATED: October 31, 2017    Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:   */s/ Timothy B. Yoo*
        Timothy B. Yoo
        Attorneys for Plaintiff WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES

## I. INTRODUCTION AND BACKGROUND

In its exhibit list, Defendant Credit Acceptance Corporation ("CAC") has listed a 2015 Consent Order that settled an investigation by the Consumer Financial Protection Bureau ("CFPB") into Plaintiff Westlake Services, LLC ("Westlake") and a subsidiary. Under the terms of the Consent Order, Westlake agreed to make certain payments and alter certain of its business practices. Nothing in the order implicated antitrust issues or issues as to the applicability of a patent. Indeed, none of the business practices discussed in the order relate whatsoever to the issues in dispute in this case. Additionally, the issues resolved by the Consent Order were never adjudicated, and in the Consent Order Westlake expressly disclaims any admission of findings of fact, violations of law or regulations, or other wrongdoing. Yet CAC has nonetheless asserted that a Consent Order that is completely devoid of factual admissions or findings is somehow relevant to Westlake's damages theory. CAC's strategy here is transparent: it wants to prejudice the jury against Westlake by improperly implying that Westlake engaged in wrongdoing. The Federal Rules of Evidence bar such tactics.

It is well established that settlement agreements such as the Consent Order are inadmissible at trial. First, the introduction of evidence of a settlement agreement with a federal agency is clearly prohibited by Federal Rule of Evidence 408. Second, such evidence is not relevant to the claims or defenses at issue in this case and, if permitted, would waste the Court and jurors' time and result in jury confusion and prejudice. *See* Fed. R. Evid. 403. Furthermore, any *de minimis* probative value it may offer is far outstripped by its prejudicial effect on the jury.

Accordingly, CAC should be precluded from offering any argument, evidence, or testimony related to the Consent Order or CFPB investigation.

/ / /

/ / /

/ / /

## II. ARGUMENT

### A. Settlement agreements such as the Consent Order are inadmissible, and therefore CAC should be prohibited from introducing any argument, evidence, or testimony related to such agreements.

Rule 408[1] prohibits the admission of evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim." The Consent Order is exactly that. The Order resolves the CFPB's potential claims against Westlake but expressly states: "[Westlake] [has] consented to the issuance of this Consent Order . . . without admitting or denying any of the findings of fact or conclusions of law . . . ." Declaration of Timothy B. Yoo, Ex. 1, Consent Order at 2, ¶ 3. Thus, the Consent Order between the CFPB and Westlake is "not a decision on the merits or the achievement of the optimal outcome for all parties, but [is] the product of negotiation and compromise." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990). As such, "it cannot be used as evidence in subsequent litigation between [Westlake] and another party." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). *See also Beatrice Foods Co. v. Fed. Trade Com.*, 540 F.2d 303, 312 (7th Cir. 1976) ("The entering of a consent decree, however, is not a decision on the merits and therefore does not adjudicate the legality of any action by a party thereto.").

Permitting CAC to introduce a consent order between Westlake and a government agency, such at the CFPB Consent Order, would frustrate the purposes of Rule 408, which aims to facilitate "the promotion of the public policy favoring the compromise and settlement of disputes." *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, No. 1:00-CV-2838-WBH, 2008 WL 9358563, at *3 (N.D. Ga. Apr. 23, 2008) (holding that a SEC consent decree "falls squarely into the class of evidence

---

[1] The shorthand "Rules" throughout this motion refers to the Federal Rules of Evidence.

deemed inadmissible pursuant to Rule 408."); *Solorio v. Am. Airlines, Inc.*, No. 00-3780-CIV, 2002 WL 485284, at *8 (S.D. Fla. Feb. 28, 2002) (same).  Because settlement agreements such as the Consent Order are inadmissible, any discussion such agreements, or related governmental investigations generally, should also be excluded.

### B. To the extent a settlement agreement such as the Consent Order has any probative value, it is outweighed by the severe prejudice Westlake would suffer if it were introduced into evidence.

In any case, a settlement between Westlake and a government agency, such as the Consent Order, lacks the probative value necessary to justify the enormous potential prejudice to Westlake that may result.

*First*, a settlement agreement such as Consent Order is irrelevant.  Indeed, the Consent Order plainly lacks even a single factual conclusion directly relating to the claims or defenses relevant in the dispute between Westlake and CAC.  Rather, the Consent Order refers to Westlake's alleged collection activities from 2010 to 2014.  Although CAC argues in its Motion for Summary Judgment that "Westlake had collection and servicing issues" that affected its profit-sharing program, (Dkt.191-2 at 25.) CAC has not, because it cannot, demonstrate how such "issues" had any impact on the size, performance, or profitability of that program.  Indeed, any suggestion by CAC that it intends to rely on the Consent Order to discount its damages theory is precluded: CAC's rebuttal expert, Andrew R. Dick, did not address the Consent Order even once in his 100-page report regarding Westlake's damages analysis, precluding CAC from explaining how the Consent Order could possibly affect Westlake's damages model.  *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring expert witnesses to disclose "all opinions the witness will express and the basis and reasons for them"); Fed R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information . . . to supply evidence . . . at a trial.").

1    *Second*, even assuming, arguendo, that a settlement agreement such as the Consent Order is relevant, which it is not, its exclusion is nevertheless necessary because of the substantial prejudice Westlake will face if evidence regarding the Consent Order is put before a jury.  Under Rule 403, even evidence that is relevant may nonetheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Put differently, when "evidence would lead to a decision based on emotion or a desire to punish," exclusion is appropriate under Rule 403. *CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 (1st Cir. 1998).

Here, the introduction of, or reference to, a settlement agreement such as the Consent Order would be highly prejudicial to Westlake.  For example, the introduction of the Consent Order, which contains inflammatory statements regarding Westlake's alleged collection practices, would confuse the jury into believing that the CFPB investigation and this action arise from the same factual issues. *See Ross v. Am. Red Cross*, No. 2:09-CV-00905-GLF, 2012 WL 2004810, at *4 (S.D. Ohio June 5, 2012), *aff'd*, 567 F. App'x 296 (6th Cir. 2014) ("Presenting the Consent Decree to the jury would very likely confuse the issues and lead the jury to believe that Plaintiff's claims derive from the Decree itself.").  Furthermore, evidence of a settlement of any kind "can also be viewed as a concession of liability, which is unfairly prejudicial for the same reasons as those underlying Fed. R. Evid. 408." *Id.* (excluding evidence of a previous Consent Decree between the Red Cross and the United States because the "risks substantially outweigh[ed] the minimal probative value of this evidence.").  Accordingly, a settlement agreement between Westlake and a government agency, such as the Consent Order, and any discussion of any such settlement is plainly inadmissible under Rule 403.

## III. CONCLUSION

For the foregoing reasons, Westlake respectfully requests that the Court enter an Order excluding all argument, evidence, and testimony related to any settlement agreement between Westlake and a government agency or the Consent Order or CFPB investigation, and specifically excluding the Consent Order from being offered into evidence at trial.

DATED: October 31, 2017

Ekwan E. Rhow
Timothy B. Yoo
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By:    /s/ *Timothy B. Yoo*
       Timothy B. Yoo
Attorneys for Plaintiff WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES