Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Timothy B. Yoo - State Bar No. 254332
    tyoo@birdmarella.com
Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff
WESTLAKE SERVICES, LLC d/b/a
WESTLAKE FINANCIAL SERVICES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>　　　　Defendant. | Case No. 2:15-cv-07490 SJO (MRWx)<br><br>**PLAINTIFF WESTLAKE SERVICES, LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE THE EXPERT OPINIONS OF DAVID HRICIK**<br><br>Filed Concurrently with<br><br>1) DECLARATION OF TIMOTHY B. YOO;<br><br>2) [PROPOSED] ORDER<br><br>Date:　December 5, 2017<br>Time:　8:30 a.m.<br>Crtrm.:　10C<br><br>Honorable S. James Otero<br><br>Complaint Filed: September 24, 2015 |

3442517.1

WESTLAKE'S MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF DAVID HRICIK

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 5, 2017, at 8:30 a.m., or as soon thereafter as counsel may be heard in the Courtroom of the Honorable S. James Otero, United States District Judge, Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Westlake Services, LLC will and hereby does move to exclude the opinions of David Hricik, pursuant to Federal Rule of Evidence 702. Mr. Hricik's opinions should be excluded because he is not qualified to render them, which make them unreliable. Any other opinions he is otherwise qualified to offer, such as opinions about the law and his legal conclusions, are unhelpful to the trier of fact and should therefore be excluded as well.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Timothy B. Yoo and exhibits appended thereto, the [Proposed] Order lodged herewith, the Court file, and any further evidence and argument as may be presented to the Court prior to or at the hearing on this Motion, or subsequent hereto as permitted by the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 24, 2017.

DATED: October 31, 2017              Bird, Marella, Boxer, Wolpert, Nessim,
                                     Drooks, Lincenberg & Rhow, P.C.


                                     By:    */s/ Timothy B. Yoo*
                                            Timothy B. Yoo
                                     Attorneys for Plaintiff WESTLAKE
                                     SERVICES, LLC d/b/a WESTLAKE
                                     FINANCIAL SERVICES

3442517.1

1

WESTLAKE'S MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF DAVID HRICIK

## I. INTRODUCTION

Defendant Credit Acceptance Corporation's proffered "responsive" expert witness, David Hricik, should not be permitted to testify about the practices and procedures of the United States Patent & Trademark Office ("USPTO") for the simple reason that he is not qualified to do so. Mr. Hricik has never worked as a patent examiner. He has never prosecuted a patent application before the USPTO. Nor is he qualified to do either, since he does not have a scientific degree or any generalized technical expertise that would allow him to sit for the Patent Bar.[1] He has never owed a duty of candor to the USPTO, and thus, has never had to comply with it in any relevant way. His opinions about what is customary practice before the USPTO as they relate to Westlake's allegations, and his criticisms of Westlake's expert's opinions on that topic, are therefore unreliable and should be excluded.

And while Mr. Hricik might have a learned understanding of the patent laws generally as a law professor, it is axiomatic that he cannot offer opinions about substantive issues of patent law or his legal conclusions, since those are irrelevant. In sum, the proper scope of Mr. Hricik's proposed testimony would otherwise be limited to responding to the admissible testimony of Westlake's patent procedure expert, Robert Stoll, on USPTO practice and procedure. But since Mr. Hricik is not qualified to offer that testimony, he should be precluded from testifying at all.

## II. RELEVANT BACKGROUND

Mr. Hricik initially provided a 41-page "responsive" expert report on May 5, 2017, in which he purported to respond to the expert report of Westlake's patent procedure expert, Robert Stoll. (Yoo Decl. Exh. A [Hricik Responsive Report].) In that report, Mr. Hricik stated that while he thought Mr. Stoll had offered impermissible opinions, he nevertheless offered his opinions about Stoll's opinion

---

[1] United States Patent and Trademark Office, Office of Enrollment and Discipline, *General Requirements Bulletin* (June 2017), available at https://www.uspto.gov/sites/default/files/OED_GRB.pdf.

"in the event the court permits Mr. Stoll to testify[.]" *Id.* ¶ 2.  In other words, Mr. Hricik has been proffered only to respond to the admissible testimony of Mr. Stoll.

Hricik served a reply report on June 30, 2017.  (Yoo Decl. Exh. B [Hricik Reply Report].)  He was deposed on July 7, 2017.  (Yoo Decl. Exh. C [Hricik Dep. Tr.].)

Among other criticisms of Mr. Stoll's opinions, Mr. Hricik has opined that (1) Mr. Stoll purported applied the wrong "materiality" standard in his opinions (Hricik Responsive Report, ¶¶ 37-40), that (2) Mr. Stoll's opinions are unreliable because he purportedly did not consider evidence of experimental use (*id.* at ¶¶ 41-43), and that (3) Mr. Stoll purportedly applied the wrong legal standard in analyzing whether CAPS was "on sale" within the meaning of Section 102(b) (*id.* at ¶¶ 44-47).  During deposition, Mr. Hricik suggested that he had reached the legal conclusion, based on his review of the record in this case, that Credit Acceptance's activities relating to CAPS fell under the experimental use exception to Section 102(b)'s on-sale/public use bar.  (Hricik Dep. Tr. 22:5 – 25:21.)

## III. ARGUMENT

To be admissible, expert testimony must be both (1) based on the special knowledge of the expert (i.e., reliable) and (2) helpful to the finder of fact (i.e., relevant).  *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579, 589-91 (1993); *Andrew v. Metro North Commuter R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (expert's testimony "must be directed to matters within the witness' scientific, technical, or specialized knowledge and not to lay matters which a jury is capable of understanding and deciding without the expert's help.").  Rule 702 of the Federal Rules of Evidence provides that an expert is qualified based on their "knowledge, skill, experience, training, or education[.]"  Fed. R. Evid. 702.  But "[e]ven where a witness has special knowledge or experience, qualification to testify as an expert also requires that the area of the witness's competence matches the subject matter of the witness's testimony." Charles A. Wright, et. al., Federal

1  Practice & Procedure § 6262 at p. 255 (1977).  Hence, opinions falling outside an
2  expert's area of expertise are inadmissible.  *See, e.g.*, *Watkins v. Schriver*, 52 F.3d
3  769, 771 (8th Cir. 1995).  That is, an expert must be qualified in the relevant field of
4  their proffered testimony.  The proponent of the expert bears the burden of
5  demonstrating that the expert's testimony would satisfy the *Daubert* standard.
6  *Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

7     Here, Mr. Hricik's opinions are (1) not based on his specialized knowledge
8  (since he has never prosecuted a patent application nor has he ever worked as a
9  patent examiner) and (2) would not be helpful to the finder of fact (since they are
10 otherwise impermissible legal conclusions).  They should therefore be excluded.

11     **A.   Mr. Hricik is not qualified to offer opinions about the practices and
12          procedures before the Patent Office, and should not be permitted
13          to do so.**

14     At trial, Westlake's expert, Robert Stoll, is expected to testify about the
15 practices and procedures of the USPTO as they relate to Westlake's allegations of
16 *Walker Process* fraud in this case.  Among other things, Mr. Stoll is expected to
17 testify about (i) what applicants typically disclose as part of the patent prosecution
18 process in discharging their twin duty of candor, (ii) what a patent examiner
19 following ordinary custom and practice would find important to patentability, (iii)
20 whether information related to prior sales or public uses of the claimed invention are
21 typically disclosed by applicants and considered by examiners, and (iv) whether a
22 patent examiner following ordinary custom and practice would have considered
23 prior sales and public uses of CAPS material to patentability.  These are all topics
24 that are relevant to this case and that fall within Mr. Stoll's expertise.  Mr. Stoll's
25 opinions on those topics would also be helpful to the finder of fact.

26     On the other hand, Mr. Hricik is not qualified to render opinions on those
27 topics.  For one, Mr. Hricik has never prosecuted a patent application before the
28 USPTO:

1     Q.    Professor Hricik, have you ever prosecuted a patent before the
2           patent office?
3     A.    No. Me personally, no.

(Hricik Dep. Tr. 122:5-7.) He has therefore never owed a duty of candor to the USPTO, (*id.* at 130:21-24), a topic that is relevant to this case since Westlake has alleged that CAC's knowing violations of its duty of candor evidence its specific intent to deceive. What that duty entails is relevant to Westlake's allegations but outside any specialized knowledge that Mr. Hricik possesses. This is because Mr. Hricik has also never signed an Office Action, i.e., an official communication with the USPTO as part of the patent prosecution process.

Finally, Mr. Hricik has never worked as a patent examiner, (*id.* at 124:5-7), nor is he qualified to do so:

    Q.    Are you a member of the patent bar?
    A.    No, sir.
    Q.    Are you qualified to sit for the patent bar?
    A.    No, sir. I don't have enough science and math or science and/or math.

(*Id.* at 123:16-21.)

Accordingly, Mr. Hricik's qualifications to offer opinions about the custom and practice before the USPTO, or more specifically, *criticisms* of Mr. Stoll's expert opinions on that topic, are nothing more than as an arm-chair quarterback. And while Mr. Hricik might be an experienced patent law pundit, he has no specialized knowledge beyond that of a lay observer on topics that are relevant to this case. Mr. Hricik's opinions are therefore unreliable and should be excluded.

In fact, Mr. Hricik has not identified any cases in the last four years in which he has been permitted to testify in a federal trial about the practices and procedures before the USPTO (Responsive Hricik Report, Exhibit A at 30), nor could he recall at deposition any specific instances in which he had done so. (Hricik Dep. Tr. 131:6

– 134:25.)

### B. Mr. Hricik should not be permitted to offer opinions about substantive issues of patent law or his legal conclusions.

"The Rules of Evidence do not permit expert testimony as to legal conclusions," and this Court should "exclude[] testimony by patent law experts on substantive issues of patent law." *See Procter & Gamble Co. v. Teva Pharm. U.S.A., Inc.*, C.A. 04-940-JJF, 2006 WL 2241018, at *1 (D. Del. Aug. 4, 2006) (citations omitted). While expert testimony about USPTO practice and procedure may be heard at this Court's discretion, there is "a well-established practice of excluding the testimony of legal experts, absent extraordinary circumstances," as they "will not be helpful to the Court." *AstraZeneca UK v. Watson Labs.*, C.A. No. 10-915-LPS, 2012 WL 6043266, at *1 (D. Del. Nov. 14, 2012) (citation omitted); *see also Szoka v. Woodle*, Civ. No. 02-5524-SI, 2004 WL 5512964, at *2 (N.D. Cal. Jun. 7, 2004) (in determining whether a patent expert's opinion is admissible, courts should examine whether the offered opinion is an impermissible legal conclusion or whether the opinion involves "the application of a legal framework to the factual record," which can be permitted).

Accordingly, Mr. Hricik should not be permitted to offer any opinions about the law or his application of facts to the law in what amounts to an impermissible legal conclusion. For instance, Mr. Hricik testified at deposition that in his opinion, Credit Acceptance's pre-2001 activities involving CAPS fall under the "experimental use" exception to the on-sale/public use bar, (Hricik Dep. Tr. 22:5 – 25:21), which is an improper legal conclusion that he should not be permitted to testify about at trial. These opinions are unhelpful and therefore not relevant. As such, they are inadmissible under the *Daubert* standard. Hence, the only permissible scope of Mr. Hricik's testimony would be to opine about USPTO practice and procedure as it relates to Westlake's allegations; in other words, to respond to Mr. Stoll's opinions. But since he is not qualified to do that, his

testimony should be excluded altogether.

## IV. CONCLUSION

For the foregoing reasons, Mr. Hricik should not be permitted to offer opinions at trial about the practices and procedures before the USPTO as they relate to Westlake's allegations, including criticisms of Robert Stoll's opinions on that topic, since he is not qualified to do so. He should also be precluded from offering any opinions on substantive issues of patent law, or on his application of facts to the law that amount to impermissible legal opinions. In sum, Mr. Hricik's opinions should be excluded in their entirety.

DATED: October 31, 2017

Ekwan E. Rhow
Timothy B. Yoo
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____/s/ *Timothy B. Yoo*_____
              Timothy B. Yoo
       Attorneys for Plaintiff WESTLAKE
       SERVICES, LLC d/b/a WESTLAKE
       FINANCIAL SERVICES